435 A.2d 174

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Larry E. HAGGERTY.**

Supreme Court of Pennsylvania.

Argued Sept. 14, 1981.

Decided Oct. 8, 1981.

F. Walter Bloom, Dist. Atty., William G. Martin, Jr., Asst. Dist. Atty., Franklin, for appellant.

John J. Morgan, Butler, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellee Larry E. Haggerty was charged with burglary and arson. A first trial ended in a mistrial on January 24, 1978. Subsequently, appellee was convicted by a jury of burglary. Post-verdict motions were denied and appellee was sentenced to a prison term of seven and one-half to fifteen years.

On appeal the Superior Court reversed, holding that appellee's confession should not have been admitted into evidence

because appellee had not been arraigned within six hours of his arrest as required by *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). *Commonwealth v. Haggerty*, 282 Pa.Super. 369, 422 A.2d 1336 (1980). We granted the Commonwealth's petition for allowance of appeal and this appeal followed.

The instant appeal involves only the factual determination of when appellee was arrested. The facts are as follows. Following a fire at Franklin High School, appellee was questioned by police at his home for approximately fifteen minutes on October 5, 1977. Appellee denied any knowledge of or involvement in the incident. Five days later, on October 20, 1977, two plainclothes policemen went to appellee's house at 11:00 a. m. Appellee's wife woke him and the police asked appellee if he would come to the State Police barracks to discuss his earlier statement concerning the fire. Appellee agreed. Upon arrival at the barracks, appellee waived his *Miranda* rights. He was questioned for ninety minutes but he denied any involvement in the incident. Appellee then agreed to take a polygraph examination. Since the polygraph examiner was administering a test to another individual, appellee and a police officer remained in the investigator's room.

The polygraph test began at 2:30 p. m. About an hour later, the polygraph examiner informed one of the original interviewing officers that appellee had admitted his involvement in the fire. Appellee was arraigned at 5:55 p. m.

Appellee claims that he was arrested at 11:00 a. m., thus making his arraignment almost seven hours after arrest and outside the six hour period mandated by *Commonwealth v. Davenport, supra.* The Commonwealth, on the other hand, argues that appellee was not arrested until immediately after his initial admission of involvement at some time between 2:30 p. m. and 3:30 p. m.

In *Commonwealth v. Bosurgi*, 411 Pa. 56, 68, 190 A.2d 304, (1963), we stated:

"An arrest may be accomplished by 'any act that indicates an intention to take [a person] into custody and that

subjects him to the actual control and will of the person making the arrest.' Am.Jur.2d, Arrest, § 1, p. 695." We have also held that the test is an objective one, i. e., viewed in light of the reasonable impression conveyed to the person subjected to the seizure rather than the strictly subjective view of the officers or the persons being seized. *Commonwealth v. Richards*, 458 Pa. 455, 327 A.2d 63 (1974). We are of the opinion that the instant record contains nothing which would indicate that the officers attempted to subject appellee to their will and control before appellee admitted involvement in the instant crime. It is thus our view that on this record appellee was not arrested until sometime between 2:30 p. m. and 3:30 p. m. As the arraignment was well within the six hour period mandated by *Davenport*, we believe the Superior Court erred in granting a new trial for this reason.

Because the Superior Court reversed on this issue, that Court did not address other assignments of error raised by appellee. Therefore:

The Order of the Superior Court is reversed and the matter is remanded to Superior Court for consideration of appellee's remaining assignments of error.