516 A.2d 738

**COMMONWEALTH of Pennsylvania**

v.

**Gary Lee IVERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 25, 1986.

Filed Oct. 14, 1986.

2

Leo M. Pall, Upper Darby, for appellant.

John A. Reilly, District Attorney, Media, for Commonwealth, appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

OLSZEWSKI, Judge:

Appellant challenges the judgment of sentence following jury convictions on two separate informations.[1] In this

---

1. On information no. 5464, appellant was convicted of robbery, possession of instruments of crime—weapon, general possession of in-

appeal, two allegations of error are presented for our review. First, appellant contends that it was improper for the Delaware County Court of Common Pleas to give effect to the suppression hearing held in the State of Delaware. Second, appellant argues ineffective assistance of counsel based on the failure of defense counsel to call a potential witness to testify. Because of the reasons to be discussed *infra*, we find appellant's arguments meritless and affirm the trial court.

Following the issuance of an arrest warrant in Delaware County, Pennsylvania police and Delaware State Police engaged in surveillance of an apartment in Claymont, Delaware. Upon observing appellant exit the apartment and drive away with two companions, Pennsylvania State Police stopped the vehicle. Appellant was arrested by the Delaware State Police and transported to Delaware State Police barracks. While there, he was questioned by Pennsylvania police and admitted to numerous crimes in Pennsylvania, Delaware and Maryland.

Appellant was tried on the Delaware crimes first. As part of the proceedings, a suppression hearing was held to determine if the statements given to police on the day of the arrest were involuntary, coerced, and obtained after a violation of appellant's *Miranda* rights. Suppression was denied.

After being convicted in Delaware, appellant was charged in Pennsylvania. Trial counsel filed an omnibus pre-trial motion which included a motion to suppress statements and evidence. Because the suppression issues before the Delaware County Court of Common Pleas had previously been litigated in Delaware state court, the trial court gave effect to that decision to deny suppression. The trial court not only held a hearing on suppression issues not decided by the Delaware state court, but also allowed appellant the oppor-

struments of crime, and unlawful use of a motor vehicle. He was also convicted of robbery, unlawful restraint and unlawful use of a motor vehicle on information no. 5465 arising from a separate incident.

tunity to challenge the previously litigated issue. No statements or evidence were suppressed.

Appellant now alleges that the Pennsylvania trial court erred in giving effect to the suppression motions which had been adjudicated by a Delaware state court. In deciding this issue, we look to the guidance of *Commonwealth v. Lagana,* in which case our Supreme Court noted:

> In those instances where two prosecutions arise out of a single search and/or seizure, a decision by a suppression judge during the first prosecution can, upon the motion of the previous prevailing party, become part of the second prosecution. The party against whom this decision is being offered may offer any new evidence which was previously unavailable. *See generally,* Pa.R. Crim.P. 323(j). Absent such new evidence the suppression judge in the second prosecution must adopt the findings and conclusions of the first judge, and incorporate them into the record. Thereupon, the party against whom the first decision is offered may have the validity of the decision reviewed on appeal.

*Commonwealth v. Lagana,* 510 Pa. 477, 483, 509 A.2d 863, 866 (1986).

 Since appellant had been given the opportunity to challenge the suppression issue before the Delaware County court, we are compelled to affirm the lower court's decision to deny suppression. *Cf. Commonwealth v. Maxwell,* 354 Pa.Super. 555, 512 A.2d 679 (1986).[2]

---

**2.** We agree with appellant that the full faith and credit clause is inapplicable with respect to a preliminary procedural matter involving a penal judgment. In *Nelson v. George,* 399 U.S. 224, 229, 90 S.Ct. 1963, 1966–67, 26 L.Ed.2d 578 (1970), however, the United States Supreme Court noted that while the states were not required to enforce a penal judgment of a sister state, the states were free to determine what effect, if any, they should give to the prior decision. We believe that pursuant to the doctrine of collateral estoppel, the trial court should have the discretion to give effect to a sister state's penal judgment. In the present case, the trial court determined that questions regarding the legality of the arrest and the voluntariness of the statements were identical to the issues presented in the Delaware state court. We believe that the refusal to suppress the evidence is supported on the record.

Appellant's second issue alleges ineffective assistance of trial counsel through the failure to obtain testimony of a possible witness.

Pennsylvania law regarding ineffective assistance of counsel is well documented. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), enunciated the process to be used as a two-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit, and second whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests. *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985); *Commonwealth v. Cooper,* 333 Pa.Super. 559, 482 A.2d 1014 (1984). Recently, an *en banc* Superior Court added another consideration. In addition to the above requirements, an appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *Commonwealth v. Pierce, supra.* At all times through the process, the law presumes effective counsel and the burden of proving ineffectiveness of counsel rests with the appellant. *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984).

*Commonwealth v. Charleston,* 251 Pa.Super. 311, 380 A.2d 795 (1977), sets out the applicable law concerning trial counsel's decision to not call a potential witness. We quote:

It is clear that trial counsel's failure to present a possible witness is not per se ineffective assistance of counsel. Counsel need not call every person mentioned by a defendant. *Commonwealth v. Robinson,* 232 Pa.Super. 328, 334 A.2d 687 (1975). Moreover, the failure to call a possible witness will not be equated with a conclusion of ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Hawkins,* 445 Pa. 279, 284 A.2d 730 (1971); *Commonwealth v. Harper,* 233 Pa.Super. 294, 334 A.2d 761 (1975). In *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), our Supreme

Court addressed the issue of whether counsel's failure to call a known witness constituted ineffective assistance:

"If counsel's decision not to secure (the witness') appearance ... was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of this case, then that decision clearly had some reasonable basis designed to effectuate (the client's) interests. In such circumstances, counsel's conduct would not constitute ineffectiveness. *See Commonwealth ex rel. Washington v. Maroney, supra.* Had counsel reached this decision on a basis designed to advance his client's interest, this case would be analogous to those situations in which, as a matter of trial strategy, counsel decides not to call a witness at all. (Citations omitted.)

"If, however, counsel's failure to seek compulsory process to obtain (the witness') testimony ... was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. In a case when virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel." 460 Pa. at 110–111, 331 A.2d at 443.

■ Applying the above law to the present situation, we find no reason to hold trial counsel ineffective. To begin, we do not perceive any arguable merit to appellant's claim. We merely have appellant's bare assertion that the failure to call Michael Peticca, who was with appellant at the time of the arrest and much of the previous three weeks, resulted in an ineffective defense. Appellant does not inform us how Mr. Peticca would have testified and helped his defense. It can be inferred that Mr. Peticca would support appellant's defense that any statements made by appellant were coerced. How appellant's action three weeks prior to

arrest, as told through Mr. Peticca, would affect his statements after arrest is not set forth. As such, the first prong of *Maroney* is not satisfied. In addition, trial counsel was aware that Mr. Peticca could testify and chose not to use such testimony. He was also aware that Mr. Peticca faced similar charges based on the same circumstances. Following *Twiggs, supra,* we do not find any evidence showing that counsel's decision to refrain from calling Mr. Peticca was not based on reasonable grounds and was not in appellant's best interests. Appellant, therefore, has not overcome his burden to prove ineffectiveness. *Commonwealth v. Floyd, supra.*

Judgment of sentence affirmed.