537 A.2d 1351

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph M. LAGANA, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1987.

Decided Feb. 25, 1988.

372

Gaele McLaughlin Barthold, Deputy Dist. Atty., Alan Sacks, Philadelphia, for appellant.

John W. Packel, Chief, Appeal Div., Leonard Sosnov, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue presented in this appeal is the admissibility of evidence seized by a police officer without a warrant during an investigatory stop and frisk prompted by a police radio call which contained information received from an unidentified source.

The pertinent facts from the record are as follows. On May 11, 1981 at 7:30 p.m. Officer Gelovich of the Philadelphia Police Department received a police radio broadcast that there was a man with a gun at the corner of Ninth and Wharton Streets in Philadelphia. The man was described as a white male, twenty to twenty-five years of age and

wearing a yellow raincoat. Officer Gelovich arrived at Ninth and Wharton Streets within two minutes of the radio call and observed a man who fit this description looking through binoculars at a restaurant which was approximately thirty feet away. It was raining heavily and there were twenty to thirty people in the area, none of whom were wearing a yellow raincoat or otherwise fit the description of the suspect.

The police officer jumped out of his car, approached the man who was later identified as appellee Joseph Lagana, immediately frisked him and discovered a thirty-two caliber revolver in the waistband of his pants. Officer Gelovich arrested appellee on charges of illegal possession of a firearm.[1] At appellee's feet the officer saw a black camera case, a brown case and a small purple pouch.[2] On June 9, 1981 appellee was also charged with burglary after the various items in the cases were found to have been stolen. The charges were not consolidated.

On August 28, 1981 a suppression hearing was held before Judge Nelson Diaz regarding the evidence seized in the burglary case. Judge Diaz found that "at the time the police officer went looking for someone with that characteristic of the radio call he went there with the purpose of arresting this individual" and concluded that appellee was under arrest before the gun was seized. The suppression court granted appellee's motion to suppress, holding that the arrest was without probable cause because the source for the information in the radio broadcast was unknown and that, therefore, the evidence seized was the fruit of an illegal arrest. The Commonwealth elected not to appeal the case and nolle prossed the charge.

On September 8, 1981 a suppression hearing was held before Judge Eugene H. Clarke, Jr. on appellee's motion to suppress evidence of the gun in regard to the charges of

---

1. 18 Pa.C.S. §§ 6106, 6108 (1983).

2. The cases observed by Officer Gelovich were seized and examined at the police station without a search warrant. Inside the cases were cameras, jewelry, watches and a coin collection.

illegal possession of a firearm. Judge Clarke granted appellee's motion on the basis of collateral estoppel, relying on Judge Diaz's findings and conclusions in the burglary suppression hearing. This order was appealed to the Superior Court which affirmed in *Commonwealth v. Lagana*, 334 Pa.Super. 100, 482 A.2d 1101 (1984). On appeal to this Court we reversed and remanded the case directing the Superior Court to "have the ruling of the first suppression hearing incorporated into the record of the second hearing, and to allow review of the first decision on appeal as if it had been entered anew." *Commonwealth v. Lagana*, 510 Pa. 477, 483, 509 A.2d 863, 866 (1986).[3]

The Superior Court upon remand held that Judge Diaz, the judge in the first suppression hearing, erred in concluding that appellee had been arrested prior to seizure of the gun and in suppressing the evidence as the fruit of the illegal arrest. Nevertheless, the Superior Court affirmed the suppression court's ruling, holding that the police officer did not have a reasonable suspicion sufficient to conduct an investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Commonwealth v. Lagana*, 356 Pa.Super. 132, 514 A.2d 179 (1986). We granted allocatur and we now reverse.

 In reviewing the findings of a suppression court where the Commonwealth is appealing, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted. *Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983) (plurality opinion). While we are bound by the lower court's findings of fact if supported by the record, we are not bound by the court's legal conclusions which are drawn

---

**3.** We noted in that opinion that the Commonwealth's decision not to appeal the adverse ruling of the suppression court in the burglary case was "because they believed that the fruits of the burglary may have been suppressible on the independent basis of the failure of the police to obtain a warrant prior to examining the contents of the cases". *Commonwealth v. Lagana*, 510 Pa. 477, 484, 509 A.2d 863, 866 (1986).

from the facts of the case. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985).

■ A police officer is entitled to conduct a limited search of an individual to detect weapons if the officer observes unusual and suspicious conduct on the part of the individual which leads him to reasonably believe that criminal activity is afoot and that the person may be armed and dangerous. *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884, *Cortez*, 507 Pa. at 533, 491 A.2d at 113, citing *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969).

In this case the Superior Court held that the stop and frisk of appellee was invalid since: 1) the source for the radio broadcast was unsubstantiated; 2) the description of appellee was not specific, and 3) there was no information linking the appellee with a crime. The court cited our decision in *Commonwealth v. Anderson*, 481 Pa. 292, 392 A.2d 1298 (1978) to support its holding.

In *Anderson*, the police received an anonymous tip and transmitted a car radio report that a black male, named Perry, about 5′10″ tall with a bush style haircut, wearing a dark coat had escaped from a drug rehabilitation program and was in a bar at 57th and Master Streets in Philadelphia. Upon approaching the suspect in the bar one officer asked him if he was carrying a weapon. Before the suspect responded, the second officer touched his right jacket pocket and felt an object which was a gun.

On appeal, this Court held that the officers did not possess a reasonable suspicion to justify a *Terry* stop and that the evidence of the gun should have been suppressed. We stated: "[h]ere we do not believe that the mere fact that an individual was on unauthorized leave from a drug rehabilitation program would justify a reasonable belief that he was armed and dangerous". *Id.*, 481 Pa. at 296, 392 A.2d at 1300.

■ The most compelling difference between the facts in *Anderson* and the facts in the present case is that Officer Gelovich, unlike the officers in *Anderson*, had reason to

believe that he was searching for a suspect who was armed and potentially dangerous. As the United States Supreme Court stated in *Terry*, "[t]here is no reason why an officer, rightfully but forcibly confronting a person suspected of a serious crime, should have to ask one question first and take the risk that the answer might be a bullet." *Id.* 392 U.S. at 33, 88 S.Ct. at 1886. Officer Gelovich was required to act swiftly to apprehend an individual reported to be in possession of a gun who was standing on a busy street corner and was a potential threat to the safety of the officer and other persons in the area. Under the circumstances of this case the officer was not required to ask questions first and possibly risk being shot.

Indeed, the instant case departs from *Anderson* in another important aspect. In that case:

> ... the officers were acting upon an anonymous tip. Because of the general nature of the description it cannot be argued that the tip was corroborated by the Appellant's presence in the bar. Moreover, *there was nothing observable in his conduct in the officer's presence to suggest that he was in any way involved in criminal activity* or that he was the person they were seeking.

*Id.* 481 Pa. at 298, 392 A.2d at 1301 (emphasis added). In the present case, the information broadcast in the radio call was corroborated by the appellee's presence at Ninth and Wharton Streets. Officer Gelovich arrived on the scene within two minutes of the radio call and discovered a white male in his early twenties wearing a yellow raincoat who made his presence even more obvious because he was casing a business establishment with a pair of binoculars in the pouring rain. This suspicious conduct under the circumstances, taken as a whole, suggested that appellee was involved in criminal activity and was the person with the gun who the officer was seeking.

■■■ Appellee's argument that the gun was not seized during a *Terry* stop but was the fruit of an illegal arrest is meritless. An arrest occurs with "any act that indicates an intention to take a person into custody and subjects him to

the actual control and will of the person making the arrest". *Commonwealth v. Bosurgi*, 411 Pa. 56, 68, 190 A.2d 304, 311 (1963). In this case, there was no act indicating an intention to take appellee into custody beyond that which was necessary to conduct a brief investigatory stop.[4]

Therefore, the order of the Superior Court is reversed and the case remanded for trial.

---

**4.** The suppression court improperly focused on what it believed was the officer's subjective intent at the time he received the radio call. The test of when a person is arrested is an objective one and depends upon the reasonable impression conveyed to the person seized and not the subjective view of the officers or the person being seized. *Commonwealth v. Haggerty*, 495 Pa. 612, 435 A.2d 174 (1981). The Superior Court was correct in finding that appellee was not under arrest until the gun was found.