COMMONWEALTH of Pennsylvania,
Appellant

v.

Guy Jamal GANT, Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 30, 2007.

Filed March 14, 2008.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for the Com., appellant.

John J. McMahon, Jr., Philadelphia, for appellee.

BEFORE: KLEIN, GANTMAN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 The Commonwealth appeals from a trial court order refusing to relitigate a motion to suppress evidence, which had been granted in a prior federal proceeding on a related charge, and dismissing the felony charges lodged against the defendant. We reverse and remand for further proceedings.

¶ 2 The trial court held that the doctrine of collateral estoppel precluded another hearing on the motion to suppress and dismissed the case. We agree with the Commonwealth that because the prosecuting parties and sovereign interests are different in the two cases, collateral estoppel does not apply. Therefore, we reverse and remand for a hearing on the motion to suppress and, if necessary, for trial. We also note that even if it were proper to suppress the evidence based on the federal decision, the appropriate remedy would be suppression of the evidence and its exclusion at trial, not dismissal of the charges.

### Facts

¶ 3 Guy Jamal Gant was stopped for failing to use a turn signal while operating his vehicle on the roadway. During the stop, one of the officers observed drugs and currency in the center console of Gant's vehicle. The officer ordered Gant out of the vehicle and retrieved both the drugs and the money from the console. A subsequent search revealed $1,900 on Gant's person and 935 counterfeit $20 bills. Gant was charged in state court with possession with intent to deliver and simple possession. He was also charged in federal court with violating the federal counterfeiting statute. Gant filed a motion to suppress the counterfeit money in federal court and a motion to suppress the drug evidence in state court.

¶ 4 In the counterfeiting case, the federal district judge did not believe the officers' testimony that they could observe the turn signal from their vantage point. Thus, the federal judge suppressed the counterfeit money seized from the illegal stop.

¶ 5 The issue before this Court is whether the federal trial judge's finding is binding on the state trial judge, since the testimony would be the same in both cases. The trial court in this case found that collateral estoppel applied and precluded it from hearing the motion. We disagree.

### Discussion

¶ 6 For the doctrine of collateral estoppel to apply: (1) the issue decided in the prior adjudication must be identical to the issue presented later; (2) the party against whom estoppel is asserted must be a party, or in privity with a party, to the prior adjudication; and (3) the party against whom estoppel is asserted must have had a fair and full opportunity to litigate the issue in the prior action. *Commonwealth v. Anthony*, 418 Pa.Super. 82, 613 A.2d 581, 584 (1992); *see Commonwealth v. Garcia*, 746 A.2d 632, 637 (Pa.Super.2000).

¶ 7 The key factor here is that the two cases involve separate jurisdictions and separate sovereign entities—the federal government and the state government. Therefore, the prosecuting parties in the two cases are not the same for purposes of collateral estoppel.

¶ 8 The preclusion of retrial after a trial in another jurisdiction is governed by 18 Pa.C.S.A. § 111.[1] Before the statute's enactment in 1972, Pennsylvania common law held that an acquittal in the court of one "sovereign" is not a bar to prosecution by another "sovereign." *See Commonwealth v. Taylor*, 193 Pa.Super. 360, 165

---

1. 18 Pa.C.S.A. § 111 provides:

   When conduct constitutes an offense within the concurrent jurisdiction of this Commonwealth and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this Commonwealth under the following circumstances:
   (1) The first prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is based on the same conduct unless:
     (i) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or
     (ii) the second offense was not consummated when the former trial began.
   (2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed, or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.

A.2d 390, 392 (1960) (same act may constitute offense against both federal and state governments, and punishment by each sovereignty does not constitute violation of either United States or Pennsylvania Constitution) (citing *Commonwealth ex rel. Garland v. Ashe*, 344 Pa. 407, 26 A.2d 190 (1942)).[2]

¶ 9 Even under 18 Pa.C.S.A. § 111, however, an acquittal in federal court would not bar retrial in state court, because each prosecution requires different facts to be proven. *See Commonwealth v. Traitz*, 528 Pa. 305, 597 A.2d 1129, 1133 (1991) (double jeopardy statute bars state prosecution after prosecution in another jurisdiction unless state prosecution is not based on same conduct, state prosecution requires proof of fact not required by other prosecution, and law defining state offense is designed to prevent substantially different harm than law in previous prosecution). Therefore, an acquittal for counterfeiting in federal court would not bar a retrial of the drug possession charges in state court.

¶ 10 In applying the collateral estoppel doctrine, the trial court relied on *Commonwealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1986). That case, however, can be distinguished. In *Lagana*, two suppression motions were litigated before different state court judges *in the same jurisdiction* in state court. Lagana was arrested on burglary and gun charges following a stop-and-frisk; the cases were not consolidated for trial. In the burgla-

ry case, the trial court granted Lagana's motion to suppress the contents of the briefcases seized on the ground that the initial stop violated *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Commonwealth then *nolle prossed* the case.

¶ 11 The gun charge was tried later, and Lagana filed another motion to suppress. The Pennsylvania Supreme Court ruled that the second motion to suppress was proper because the first case did not involve a final judgment and there was new evidence at the second hearing. *Id.* at 866. The Supreme Court noted that there might have been a reason not to appeal the burglary case because in addition to the stop, there was an issue about opening certain briefcases without a warrant. The Court announced the following "limited" exception to the collateral estoppel rule:

[I]n those instances where two prosecutions arise out of a single search and/or seizure, a decision by a suppression judge during the first prosecution can, upon the motion of the previous prevailing party, become part of the second prosecution. The party against whom this decision is being offered may offer any new evidence which was previously unavailable. Absent such new evidence the suppression judge in the second prosecution must adopt the findings and conclusions of the first judge, and incorporate them into the record.

---

2. This "dual sovereignty" theory was consistent with federal common law as enunciated in *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), and *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). In *Bartkus*, the United States Supreme Court held that the double jeopardy clause does not bar a state from prosecuting a defendant who has been previously tried for the same acts in federal court. 359 U.S. at 139, 79 S.Ct. 676; *see Abbate*, 359

U.S. at 194, 79 S.Ct. 666. We note, however, that the holdings of *Bartkus* and *Abbate*, though not expressly overruled, have been heavily questioned by numerous federal decisions as being inconsistent with subsequent Supreme Court case law as well as the fundamental principles underlying the constitutional protection against double jeopardy. *See, e.g., United States v. Grimes*, 641 F.2d 96 (3d Cir.1981) (collecting cases).

*Id.* (internal citation omitted).[3]

¶ 12 Thus, while *Lagana* created an exception to the general rule for suppression rulings, it did not do away with the remaining estoppel requirements. The parties in both proceedings have to be the same. In *Lagana*, the cases were brought in the same county before judges of coordinate jurisdiction and involved the same parties. Here, the cases were brought in different jurisdictions and involved different prosecuting parties. *See Commonwealth v. Camperson*, 437 Pa.Super. 355, 650 A.2d 65, 69 (1994) (noting rule in *Lagana* is "equally applicable to separate cases before courts of equal jurisdiction in different counties of this Commonwealth").

¶ 13 We note that the distinguished concurring judge believes that *Commonwealth v. Iverson*, 358 Pa.Super. 1, 516 A.2d 738 (1986), *requires* the trial court on remand to give collateral estoppel effect to the federal court decision on any issues that are "identical" to those presented in the common pleas court. That conclusion, however, is based in part on *dicta* that appears in a footnote in *Iverson*.

¶ 14 The *Iverson* Court affirmed the Delaware County Court of Common Pleas' decision to give effect to a suppression motion previously adjudicated in Delaware state court based on the same facts. *Id.* at 739 (citing *Lagana, supra*). In so holding, the Court concluded that it was "compelled to affirm" the suppression ruling because the "appellant had been given the opportunity to challenge the suppression issue before the Delaware County court." *Id.* Then, in footnote 2, this Court went on to say that the trial court should have "discretion" to give effect to a sister state's penal judgment, noting that the trial court

had determined that the issues presented in the appellant's motion were "identical" to those raised in the Delaware state court. *Id.* at 739 n. 2.

¶ 15 Thus, we read *Iverson* differently from the distinguished concurring judge. Although there is some troubling language in that case, a closer look at the *holding* in *Iverson* reveals that the troubling language is *dicta*. The key factor in *Iverson* is that despite the Delaware State ruling on the suppression, the Pennsylvania trial court **"allowed [the] appellant the opportunity to challenge the previously litigated issue."** *Id.* at 739 (emphasis added). That is precisely what the Commonwealth says and what we believe should happen in this case. Since in *Iverson* the trial court did *not* deprive the party of the ability to re-litigate the matter decided in the sister state, the language in footnote 2 is *dicta*. Even if we were bound by the *dicta* in *Iverson*, the matter would still need to be remanded for the trial judge to exercise his discretion to determine whether he wished to rely on the federal decision or allow the Commonwealth to re-litigate the motion.

¶ 16 We agree that the Commonwealth did not proffer new evidence that would escape the *Lagana* bar to re-litigating the same motion *in a court of equal jurisdiction*. However, the instant cases involve different jurisdictions, each with distinct sovereign authority and different interests to protect. Accordingly, collateral estoppel does not apply, and any dicta to the contrary in *Iverson* must also be disregarded because it conflicts with long-standing principles of collateral estoppel.

¶ 17 Order reversed. Case remanded to the trial court for a hearing on the motion

---

**3.** On remand, the first suppression ruling was made part of the record of the appealed second suppression ruling. On subsequent appeal from the suppression court, the Supreme Court reversed the grant of suppression and remanded the case for trial. *See Commonwealth v. Lagana*, 517 Pa. 371, 537 A.2d 1351 (1988).

to suppress evidence and, if necessary, for trial. Jurisdiction relinquished.

¶ 18 McEWEN, P.J.E., files a Concurring Statement.

## CONCURRING STATEMENT BY McEWEN, P.J.E.:

¶ 1 Since the majority opinion reveals a careful analysis and presents a perceptive expression of rationale, I hasten to agree with its conclusion that the order of the trial court must be reversed. I write separately, however, to express, most respectfully, the view that, once remanded, the proceedings in this case should be governed by the decision of the Pennsylvania Supreme Court in *Commonwealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1986), and this Court in *Commonwealth v. Iverson*, 358 Pa.Super. 1, 516 A.2d 738 (1986).

¶ 2 As recognized by the majority in this case, the *Lagana* rule provides:

[I]n those instances where two prosecutions arise out of a single search and/or seizure, a decision by a suppression judge during the first prosecution can, upon the motion of the previous prevailing party, become part of the second prosecution. The party against whom this decision is being offered may offer any new evidence which was previously unavailable. Absent such new evidence the suppression judge in the second prosecution must adopt the findings and conclusions of the first judge, and incorporate them into the record. Thereupon, the party against whom the first decision is offered may have the validity of the decision reviewed on appeal.

*Commonwealth v. Lagana, supra,* 510 Pa. at 483, 509 A.2d at 866 (citation omitted) (footnote omitted). The rule balances a prevailing party's interest in being insulated from the possibility of inconsistent results on the same facts, with the opposing party's interest in not being bound by a prior unappealed interlocutory order.

¶ 3 This Court, in *Commonwealth v. Iverson, supra,* was faced with a situation where a Delaware state trial court had entered an order denying a motion to suppress, and the Commonwealth sought to have the Pennsylvania trial court give that order collateral estoppel effect in a separate prosecution for separate offenses. The Pennsylvania court granted the Commonwealth's request, the defendant appealed, and this Court affirmed that decision. Applying the Supreme Court's decision in *Lagana*, this Court held that because the defendant "had been given the opportunity to challenge the suppression issues before the [Pennsylvania] court," the trial court properly gave collateral estoppel effect to the decision rendered on those questions which were "identical" to the issues decided by the Delaware state trial court. *Id.*, 516 A.2d at 739 & n. 2.

¶ 4 It strikes me that consistency obliges us to comply with the rationale of our decision in *Commonwealth v. Iverson, supra.* Thus, while joining the decision of the majority to reverse the order of the trial court, I would hold that, upon remand, the trial court must, when it conducts the suppression hearing give collateral estoppel effect to the federal court decision on those questions that are "identical" to the questions sought to be raised by the Commonwealth in this case.

¶ 5 Finally, it bears emphasis that I agree with the majority that the trial court should not have dismissed the charges against the defendant, since even if an order of suppression is entered, the Commonwealth may yet have sufficient evidence to proceed to its prosecution.

¶ 6 Accordingly, I concur in the result.