424 A.2d 1342

**COMMONWEALTH of Pennsylvania,**

v.

**Charles TOLBERT, Appellant.**

Supreme Court of Pennsylvania.

Feb. 6, 1981.

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Asst. Defender, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Ellen Mattleman, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Charles Tolbert, was arrested and charged with knowing and intentional possession with intent to deliver heroin and marijuana. A search, pursuant to warrant, of 619 N. 12th Street in Philadelphia on December 2, 1975, recovered over a hundred glassine packets of heroin and marijuana. A pre-trial motion to suppress this evidence was filed and denied. Thereafter, appellant was tried before a judge, sitting without a jury, and adjudged guilty of the charges. The challenged evidence was introduced against the appellant at trial. Post trial motions were denied and a sentence of five years probation imposed. The conviction was affirmed by the Superior Court *per curiam* on May 5, 1978. On October 6, 1978, this Court granted the appellant's petition for allowance of appeal. Under attack is the validity of the probable cause affidavit prepared by Officer Piree supporting the application for the search warrant, said affidavit here reproduced, in part:

> On 12–1–75 received information from a reliable informant who has in the past month given reliable information which has resulted in 2 separate arrests with narcotics being confiscated in each arrest.
>
> [Here, there appears a detailed recounting of the informant's witnessing of a narcotics transaction at 619 N. 12th St. No date of this observation is given.]
>
> As a result of this information, I conducted a surveillance of this loc. on 12–2–75 between the hours of 8:am [sic] and 8:50 am during this time, I did observe 3 unknown n/m/s

knock on the front 1st floor window of 619 N. 12th st and then be admitted inside through the front dor [sic] of 619 N. 12th. Each of these males remained inside for approx. 5 minutes and then departed. As a result of this information and of the activity during the surveillance, I do believe that the above named [suspect] is engaged in the business of storing and selling heroin from this loc. and request approval of this search and seizure warrant.

The affidavit establishes that a reliable informant observed one narcotics transaction at the apartment on some unspecified date in the past and told Officer Piree about it on December 1. There is no statement of when the informant allegedly made this observation. The only time frame is that the informant "in the past month" (November, as the application is dated December 2) gave information resulting in two separate narcotics arrests.

Officer Piree then conducted a surveillance of the apartment for a fifty minute period and observed three unknown black men knock on a first floor window of the apartment and then be admitted inside. Each of these men remained inside for about five minutes and then departed.

The Commonwealth contends that this information establishes present probable cause. We disagree.

The law of the Commonwealth in this area of the law of search and seizure is clear. In *Commonwealth v. Shaw*, it was stated:

In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists at the time he issues the warrant. Such a decision may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued . . . If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity *continued up to or about that time.* (emphasis added).

444 Pa. 110, 113, 281 A.2d 897, 899 (1971) (citations omitted). *See Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973); *Commonwealth v. McCants*, 450 Pa. 245, 299 A.2d 283 (1973); *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973); *Commonwealth v. Jackson*, 461 Pa. 632, 337 A.2d 582 (1975).

In *Commonwealth v. Simmons, supra,* this Court, relying on *Shaw,* reversed a narcotics possession conviction because the application for the search warrant failed to specify the date of the alleged drug sale. But even if the incriminating information is dated, as time passes and it becomes *possible* for the facts and circumstances to change, a redetermination of probable cause is constitutionally required. *Commonwealth v. Eazer, supra,* 455 Pa. at 326, 312 A.2d at 401. *Commonwealth v. McCants, supra,* 450 Pa. at 249, 299 A.2d at 286.

■ Applying these standards to the affidavit at bar, we find that at the time the magistrate issued the search warrant probable cause did not exist. Only if we are willing to attribute significance to the officer's surveillance of 50 minutes during which time he observed three black men gain entry to the premises, remain approximately five minutes and then depart, can we uphold the issuance of this search warrant. Even if this activity were viewed as somewhat suspicious, it falls far short of evidence of a probability of continuing criminal activity, and is certainly consistent with activity of law abiding citizens.

■ Thus, while we are mindful of the deference to be accorded to the magistrate's finding of probable cause, *Commonwealth v. McCants, supra,* 450 Pa. at 248, 299 A.2d at 286 citing *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and realize that such a finding is based upon the probability, not the *prima facie* showing, of criminal activity, *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Commonwealth v. Marino,* 435 Pa. 245, 255 A.2d 911 (1969), it is the opinion of this Court that, even assuming this posture of review, this affidavit presented to

the magistrate does not establish probable cause on December 2, the date of the issuance of the search warrant.

Judgment of Superior Court reversed.

KAUFFMAN, J., filed a dissenting opinion in which LARSEN, J., joins.

KAUFFMAN, Justice, dissenting.

Because I believe that the information resulting from the officer's surveillance must be considered in light of the information gathered from the "reliable informant," I conclude that probable cause existed to support the issuance of the search warrant. Accordingly, I would affirm the order of Superior Court.

LARSEN, J., joins in this Dissenting Opinion.