RULE 205.  CONTENTS OF SEARCH WARRANT.

**(A)**  Each search warrant shall be signed by the issuing authority and shall:

(1)  specify the date and time of issuance;

(2)  identify specifically the property to be seized;

(3)  name or describe with particularity the person or place to be searched;

(4)  direct that the search be executed either;

(a) within a specified period of time, not to exceed 2 days from the time of issuance, or;

(b) when the warrant is issued for a prospective event, only after the specified event has occurred;

(5)  direct that the warrant be served in the daytime unless otherwise authorized on the warrant, *provided that*, for purposes of the rules of Chapter 200,  Part A, the term "daytime" shall be used to mean the hours of 6 a.m. to 10 p.m.;

(6)  designate by title the judicial officer to whom the warrant shall be returned;

(7)  certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority by written affidavit(s) attached to the warrant; and

(8)  when applicable, certify on the face of the warrant that for good cause shown the affidavit(s) is sealed pursuant to Rule 211 and state the length of time the affidavit(s) will be sealed.

**(B) A warrant under paragraph (A) may authorize the seizure of electronic storage media or of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in (A)(4)(a) refers to the seizure of the media or information, and not to any later off-site copying or review.**

COMMENT:  Paragraphs **(A)**(2) and **(A)**(3) are intended to proscribe general or exploratory searches by requiring that searches be directed only towards the specific items,

persons, or places set forth in the warrant. Such warrants should, however, be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description may suffice. *See Commonwealth v. Matthews*, **[446 Pa. 65, 69-74,]** 285 A.2d 510, 513-14 (**Pa.** 1971).

Paragraph **(A)**(4) is included pursuant to the Court's supervisory powers over judicial procedure to supplement *Commonwealth v. McCants,* **[450 Pa. 245,]** 299 A.2d 283 (**Pa.** 1973), holding that an unreasonable delay between the issuance and service of a search warrant jeopardizes its validity. Paragraph **(A)**(4) sets an outer limit on reasonableness. A warrant could, in a particular case, grow stale in less than two days. If the issuing authority believes that only a particular period which is less than two days is reasonable, he or she must specify such period in the warrant.

Paragraph **(A)**(4)(b) provides for anticipatory search warrants. These types of warrants are defined in *Commonwealth v. Glass*, **[562 Pa. 187,]** 754 A.2d 655 (**Pa.** 2000), as "a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place."

Paragraph **(A)**(5) supplements the requirement of Rule 203**[(C)]** **(E)** that special reasonable cause must be shown to justify a nighttime search. A warrant allowing a nighttime search may also be served in the daytime.

Paragraph **(A)**(6) anticipates that the warrant will list the correct judicial officer to whom the warrant should be returned. There may be some instances in which the judicial officer who issues the warrant may not be the one to whom the warrant will be returned. For example, it is a common practice in many judicial districts to have an "on-call" magisterial district judge. This "on-call" judge would have the authority to issue search warrants anywhere in the judicial district but may not be assigned to the area in

2

which the search warrant would be executed.  There may be cases when the warrant is incorrectly returned to the judge who originally issued the warrant.  In such cases, the issuing judge should forward the returned search warrant to the correct judicial officer.  Thereafter, that judicial officer should administer the search warrant and supporting documents as provided for in these rules, including the Rule 210 requirement to file the search warrant and supporting documents with the clerk of courts.

Paragraph **(A)**(8) implements the notice requirement in Rule 211(C).  When the affidavit(s) is sealed pursuant to Rule 211, the justice or judge issuing the warrant must certify on the face of the warrant that there is good cause shown for sealing the affidavit(s) and must also state how long the affidavit will be sealed.

**For purposes of this rule, the term "electronically stored information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. This definition is intended to cover all current types of computer-based information and to encompass future changes and developments.**

**For purposes of this rule, the term "seizure" includes the copying of material or information that is subject to the search warrant.  This includes the copying of electronically stored information for later analysis.**

**For the procedures for motions for return of property, see Rule 588.**

NOTE:  Rule 2005 adopted October 17, 1973, effective 60 days hence; amended November 9, 1984, effective January 2, 1985; amended September 3, 1993, effective January 1, 1994; renumbered Rule 205 and amended March 1, 2000, effective April 1, 2001; amended October 19, 2005, effective February 1,  2006; *Comment* revised October 22, 2013, effective January 1, 2014 **[.]** **; amended July 31, 2017, effective October 1, 2017.**

3

\*      \*      \*      \*      \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the September 3, 1993 amendments published at 21 <u>Pa.B.</u> 3681 (August 17, 1991).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the October 19, 2005 amendments to paragraph (4) and the <u>Comment</u> published with the Court's Order at 35 <u>Pa.B.</u> 6088 (November 5, 2005).*

*<u>Final</u> <u>Report</u> explaining the October 22, 2013 revisions to the <u>Comment</u> regarding the return of the search warrant published at 43 <u>Pa.B.</u> 6649 (November 9, 2013).*

*<u>Final Report explaining the July 31, 2017 amendment regarding search warrants for electronically stored information published with the Court's Order at 47 Pa.B. (    , 2017).</u>*

RULE 209.  RETURN WITH INVENTORY.

(A)  The law enforcement officer executing the search warrant shall return the search warrant promptly after the search is completed, along with any inventory required under paragraph (C), to the issuing authority.

(B) Unexecuted warrants shall be returned promptly to the issuing authority once the period of time authorized for execution of the warrant has expired. The affiant shall retain a copy of the returned unexecuted search.

(C)  An inventory of items seized shall be made by the law enforcement officer serving a search warrant.  The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of at least one witness.  The officer shall sign a statement on the inventory that it is a true and correct listing of all items seized, and that the signer is subject to the penalties and provisions of 18 Pa.C.S. § 4904(b) -- Unsworn Falsification To Authorities. The inventory shall be returned to and filed with the issuing authority.

(D)  The judicial officer to whom the return was made shall, upon request, cause a copy of the inventory to be delivered to the applicant for the warrant and to the person from whom, or from whose premises, the property was taken.

(E)  When the search warrant affidavit(s) is sealed pursuant to Rule 211, the return shall be made to the justice or judge who issued the warrant.

> COMMENT:  The inventory is required to ensure that all items seized are accounted for in the return to the issuing authority.  It thus differs from the receipt required by Rule 208, which is for the personal records of those from whose possession or from whose premises property was taken.  In some cases, however, the list in the receipt may be sufficiently detailed so as to also be sufficient for use in the inventory.  The inventory need not be sworn to before the issuing authority; however, the officer is subject to statutory penalties for unsworn falsification.
>
> The rule was amended in 2013 specifically to require that the executed warrant be returned to the issuing authority.  This amendment reflects a procedure with a long-standing practice but one that had not been codified in the rules.

*See* Rule 205**(A)**(6) regarding the circumstances under which the issuing authority to whom the warrant is returned may differ from the one that issued the warrant.

As provided in Rule 205**(A)**(4), search warrants generally authorize execution within a period not to exceed two days. Paragraph (B) requires that an unexecuted warrant be returned to the issuing authority upon expiration of this period.

Unexecuted search warrants are not public records, see Rule 212(B), and therefore are not to be included in the criminal case file nor are they to be docketed.

For the obligation of the Commonwealth to disclose exculpatory evidence, see Rule 573 and its *Comment.*

NOTE:  Rule 2009 adopted October 17, 1973, effective 60 days hence; amended April 26, 1979, effective July 1, 1979; amended September 3, 1993, effective January 1, 1994; renumbered Rule 209 and amended March 1, 2000, effective April 1, 2001; amended October 22, 2013, effective January 1, 2014 **[.]** **; *Comment* revised July 31, 2017, effective October 1, 2017.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>:

<u>*Report*</u> *explaining the September 3, 1993 amendments published at 21* <u>*Pa.B.*</u> *3681 (August 17, 1991).*

*Final* <u>*Report*</u> *explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30* <u>*Pa.B.*</u> *1478 (March 18, 2000).*

*Final* <u>*Report*</u> *explaining the October 22, 2013 amendments related to the return of the search warrant published with the Court's Order at 43* <u>*Pa.B.*</u> *6649 (November 9, 2013).*

*<u>Final Report explaining the July 31, 2017 Comment revisions correcting a cross-reference to Rule 205 published with the Court's Order at 47 Pa.B.      (             , 2017).</u>*