J-S19005-24 & J-S19006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN RUGGIANO | : | |
| | : | |
| Appellant | : | No. 1228 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 1, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002437-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA RUGGIANO | : | |
| | : | |
| Appellant | : | No. 1258 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 1, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002438-2021

BEFORE: DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J. **FILED: JULY 12, 2024**

Amanda and John Ruggiano (collectively, "Appellants") appeal from the judgment of sentence of one year of probation imposed after a jury found them each guilty of one count of Neglect of Animals – Failure to Provide

---

[*] Retired Senior Judge assigned to the Superior Court.

Veterinary Care, 18 Pa.C.S. § 5532(a)(3).[1] The court also found them guilty of 27 summary offenses—10 violations of 18 Pa.C.S. § 5532(a)(3) and 17 violations of 18 Pa.C.S. § 5533(a), Cruelty to Animals. They challenge the denial of their motions to suppress, asserting that the search warrant was overbroad and not supported by probable cause. After careful review, we affirm.[2]

**A.**

We glean the following relevant background from the certified record. On February 3, 2021, the Pennsylvania Society for the Prevention of Cruelty to Animals (PSPCA) received an anonymous complaint alleging that numerous dogs in a kennel, located on Appellants' property at 435 Bell Road in Christiana, near the complainant's property, had been left unattended for approximately three days and were barking incessantly. Having investigated this kennel on prior occasions after receiving reports of animal neglect, the PSPCA sent Sergeant Gregory Jordan to the property to investigate. Upon

---

[1] "A person commits an offense if the person fails to provide for the basic needs of each animal to which the person has a duty of care, whether belonging to himself or otherwise, including any of the following: (3) Necessary veterinary care." 18 Pa.C.S. § 5532(a)(3).

[2] We address these appeals together and refer to Appellants, who are siblings, individually by their first names.

arrival, he observed snow on the ground beside the kennel, and no footprints in the area.[3]

He reported his observations to his supervisor, PSPCA Officer Jennifer Nields, and Officer Nields drafted an affidavit of probable cause, noting the anonymous complaint, Officer Jordan's observations, and the PSPCA's prior investigation of the kennel, in support of an application for a search warrant. The court issued the warrant which provided the PSPCA with the authority to search for: (1) all animals, living or dead, on the property in violation of 18 Pa.C.S. §§ 5532(a)(1)-(2) and/or 5533(a); (2) proof of ownership, veterinary care, and food purchased for animals; (3) proof of occupancy, residency, ownership, and/or use of the property; and (4) any evidence of general violations of 18 Pa.C.S. §§ 5532(a)(1)-(2) and/or 5533(a).[4]

In executing the warrant, Officer Nields observed that the front gate of the kennel was secured with a bike lock, and the snow around the gate area had not been disturbed. Officer Nields seized 17 dogs and a nearly-full bottle

---

[3] Snow had been falling in the Lancaster area from January 31, 2021, to February 3, 2021. WORLD WEATHER, https://world-weather.info/forecast/usa/lancaster_2/february-2021/ (last visited June 12, 2024).

[4] Section 5532(a)(1), entitled "Neglect of animal," refers to the failure to provide necessary sustenance and potable water. Section 5532(a)(2) refers to the failure to provide access to clean and sanitary shelter from the weather. 18 Pa.C.S. § 5532(a)(1)-(2).

Section 5533(a), entitled "Cruelty to animal," defines the offense as the intentional, knowing or reckless beating, abandonment, or abuse of an animal. 18 Pa.C.S. § 5533(a).

of pills labeled Keppra, an anti-seizure medication, that had been prescribed by a veterinarian for one of the dogs. The Commonwealth charged each Appellant with 28 counts of animal neglect and cruelty.

On February 24, 2022, and March 30, 2022, Appellants filed Motions to Suppress. On May 3, 2022, following argument by counsel and the admission of the search warrant and Officer Nields' affidavit of probable cause, the suppression court denied the motions.

On May 8, 2023, following a trial, the jury convicted Appellants of one count each of Neglect of Animals. On August 3, 2023, the court held a bench trial on the summary offenses, at which the Commonwealth presented testimony from Dr. Joellen Bruinooge, a forensic veterinary with the PSPCA, regarding the poor health of the dogs. The court found each Appellant guilty of 27 counts of neglect/cruelty and proceeded immediately to sentencing.

Appellants each filed timely Notices of Appeal to the Superior Court. Both Appellants and the court complied with Rule 1925. The trial court filed a responsive Rule 1925(a) Opinion concluding that probable cause supported the search warrant.

**B.**

Appellants raise two issues, each of which asserts the court erred in denying their suppression motions because the search warrant was not supported by probable cause. **See** Appellant's Br. (Amanda) at 4 (asserting that the affidavit of probable cause contained insufficient facts because "all information in the affidavit was stale, overbroad and/or unreliable[.]");

Appellant's Br. (John), at 4 (asserting "the four corners of the search warrant lacked probable cause[.]"). Specifically, they argue that the trial court erred in concluding that the evidence of prior complaints regarding the property and the anonymous nature of the complaint, as set forth in Officer Nields's affidavit, presented sufficient probable cause to support the search warrant.[5] **See** Appellant's Br. (John) at 9-11; Appellant's Br. (Amanda), at 9-13.

### C.

Our review of a challenge to the denial of a suppression motion is limited to "determining whether the Suppression Court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010). This Court is bound by the factual findings of the suppression court, but we are not bound by its legal conclusions, which we review *de novo*. **Commonwealth v. Briggs**, 12 A.3d 291, 320-21 (Pa. 2011). We may only review "the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." **Commonwealth v. Harlan**, 208 A.3d 497, 499 (Pa. Super. 2019).

---

[5] Although Amanda makes a summary statement that the search warrant was overbroad, she has failed to provide any argument to support it. **See** Pa.R.A.P. 2119(a) (requiring that the argument of an appellant's brief include discussion and citation of authorities). John provides no argument or allegation that the search warrant was overbroad. We, thus, decline to address the scope of the search warrant.

It is well-established that "[n]o search warrant shall issue but upon probable cause supported by one or more affidavits[.]" . Pa.R.Crim.P. 203(B). The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits." *Id.* In Pennsylvania, the reviewing court "must limit their inquiry to the information within the four corners of the affidavit submitted in support of probable cause." *Harlan*, 208 A.3d at 505.

"Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that … evidence of a crime will be found in a particular place." *Commonwealth v. Fletcher*, 307 A.3d 742, 746 (Pa. Super. 2023) (citation omitted). Furthermore, "the task of the issuing magistrate is simply to make a practical, common-sense decision[.] And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Commonwealth v. Gray*, 503 A.2d 921, 925 (Pa. 1985) (internal brackets and ellipsis omitted) (quoting *Illinois v. Gates*, 462 U.S. 213, 237-38(1983)).

If the information supporting a warrant application is "too old, the information is stale, and probable cause may no longer exist." *Commonwealth v. Hoppert*, 39 A.3d 358, 363 (Pa. Super. 2012).

Furthermore, "[a] police officer's experience may fairly be regarded as a relevant factor in determining probable cause." *Commonwealth v. Randolph*, 151 A.3d 170, 183 (Pa. Super. 2016). However, the officer must prove a "nexus between his experience and the search, arrest, or seizure of evidence." *Id*. "The very foundation of the *Gates* totality test is the recognition that all relevant factors go into the probable cause mix." *Commonwealth v. Thompson*, 985 A.2d 928, 935 (Pa. 2009) "If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the activity continued up to or about that time." *Commonwealth v. Tolbert*, 424 A.2d 1342, 1344 (Pa. 1981) (citation omitted).

In *Hoppert*, this Court affirmed the denial of a suppression motion after concluding that emails containing pornographic material obtained six months prior to the issuance of the search warrant were not stale. *Hoppert*, 39 A.3d at 364. The Court observed that while the age of the information is a factor, it is the "nature of the crime and the type of evidence," not just age, that determines staleness. *Id*., at 363-64 (citation omitted).

\*

In addressing Appellants' motion to suppress, the court acknowledged that there was "a lot lacking in the affidavit of probable cause," concluded it was a "close call," and nonetheless found that under the totality of the

circumstances, "the probable cause in this case is sufficient and timely enough to support what was done." N.T. Suppression, 5/3/22, at 6. In its Opinion, the suppression court addressed Appellants' staleness arguments and concluded that evidence of the investigations that occurred just four months prior to this incident was relevant in establishing probable cause here because animal neglect cases frequently involve a pattern of "ongoing activity." Trial Ct. Op., 11/27/23, at 3. The court further noted that evidence of previous investigations of suspected criminal activity suggesting "continuous animal neglect" is enough to establish probable cause. *Id*.

Following our review of the record, we conclude that the trial court did not err in finding that information from prior PSPCA investigations was one factor to be considered in determining whether neglect was occurring in the instant case. As in *Hoppert*, the nature of the crime itself and the complaint that prompted the investigation here worked in tandem to indicate that there was a reasonable probability that the animal neglect was ongoing. Accordingly, the information of PSPCA's involvement with this same kennel just four months prior to receiving the instant complaint was not stale.

**E.**

Appellants also contend that the court erred in denying their motion to suppress because the affidavit of probable cause identified the source of the complaint as anonymous. Appellant's Br. (Amanda) at 10; Appellant's Br. (John) at 9. Specifically, they argue that the complainant's information was

not sufficient to support a finding of probable cause due to the PSPCA's failure to identify the complainant and the lack of proof of the complainant's reliability. Appellant's Br. (Amanda) at 13. Appellant's Br. (John) at 12.

Anonymous source information can be one factor in determining whether probable cause exists to make an arrest or search an individual's property or person. *See Commonwealth v. Goldsborough*, 31 A.3d 299, 308 (Pa. Super. 2011) (determining that reliable information obtained from confidential informants regarding drug trafficking activity could support probable cause for search warrant in combination with other sources of information). When presented with an affidavit of probable cause alleging facts obtained from an anonymous source, the magistrate judge weighs the basis of knowledge and the veracity of the source to reach a "practical, common-sense judgment" of probable cause based on the totality of the circumstances. *Gates*, 462 U.S. at 244. Again, the reviewing court should defer to the magistrate's probable cause determination if it had a substantial basis for reaching their conclusion. *Id.*, 462 U.S. at 236, 238.

Authorities may prove the reliability and veracity of information received from an anonymous source with independent corroboration. *See Commonwealth v. Sanchez*, 907 A.2d 477, 488 (Pa. 2006) (determining that investigation corroborated the information that police received from a witness who was unnamed in the affidavit of probable cause, supporting a reasonable inference that the witness had knowledge of the crime); *see also*

***Commonwealth v. Klimkowicz***, 479 A.2d 1086, 1088 (Pa. Super. 1984) (citations omitted) (observing that an affidavit of probable cause may be based on hearsay evidence provided that evidence is corroborated); ***Harlan***, 208 A.3d at 507 (finding that both surveillance of the suspect's property and acquisition of a court order for accessing the property's electrical usage corroborated the informant's allegation that suspect was growing marijuana was, allowing authorities to obtain a search warrant sufficiently supported by probable cause).

In addressing Appellants' challenge to the anonymity of the source cited in the affidavit of probable cause, the suppression court found that the source's anonymity did not disqualify the information from consideration in the officer's assertion of probable cause because Officers Jordan and Nields took affirmative steps to verify the information. Trial Ct. Op., at 3.

Our review of the record supports this finding. By dispatching an officer to the property to investigate the complaint, finding the snow without footprints near the kennels, and cross-referencing the information with prior visits, the officers drew a reasonable inference that the anonymous complainant provided valid and reliable information from which to infer that animal neglect and cruelty were probably occurring. Accordingly, this claim warrants no relief.

**F.**

In sum, we conclude that the affidavit of probable cause, while scant, provided sufficient information from which to conclude the search warrant was supported by probable cause.  We, thus, affirm the judgments of sentence.

Judgments of Sentence Affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/12/2024